Filed 9/16/20  P. v. Tonella CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTIAN YOUNG TONELLA,<br><br>    Defendant and Appellant. | B303014<br><br>(Los Angeles County<br>Super. Ct. No. YA098907) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Christian Young Tonella appeals from his conviction by a jury of burglary in the first degree, a serious felony (Pen. Code, § 459), and petty theft, a misdemeanor (§ 484, subd. (a) & § 490.2). We affirm.

Defendant was charged with first degree burglary with a person present at the residence of Allen Peterson, and with petty theft of property of a neighbor of Mr. Peterson's. The information also alleged two prior strike convictions, one for first degree burglary in 1996 and one for robbery in 2000. These were also alleged as prior serious felony convictions.

The charges arose from an incident on August 29, 2018, much of which was captured on a surveillance video of activity on Mr. Peterson's front porch. Mr. Peterson is an elderly man in the late stages of Alzheimer's disease. He and Mrs. Peterson (who requires a wheelchair) live in the front house on a lot that also has a rear house, both owned by Mr. Peterson. One of the Petersons' daughters lives with them in the front house, and another daughter lives in the rear house with Michael Sawyer. All of them take care of Mr. and Mrs. Peterson. Mr. Peterson owned collectible cars and antiques, including an antique typewriter and a hand-carved Indian statue.

The video of the incident shows defendant bringing a cooler or ice chest to the front porch, and shows Mr. Peterson (sitting down) and defendant on the front porch. (Testimony showed defendant had taken the cooler, along with gardening tools and other items, from the property of a neighbor, Lisa Poulin.) The video also shows defendant entering the front porch multiple times while Mr. Peterson is not there, and leaving the house, first with a lightweight wheelchair, then with the antique typewriter, and then with the Indian statue.

Detective Paul Sanderson investigated the incident and viewed the surveillance tape. Because there was no way to

2

download the tape from the DVR, Detective Sanderson recorded all the portions he believed pertinent with his cellular phone, and this was viewed by the jury at trial. (Later attempts to obtain the original video were unsuccessful, as it had long been automatically deleted.) The detective testified the original video he viewed lasted roughly an hour (from where defendant first appeared on Mr. Peterson's front porch until he left for the last time). Detective Sanderson testified the original video had also shown defendant sitting on the front porch and talking with Mr. Peterson for 18 minutes, after defendant first appeared on the porch.

After presentation of the prosecution's case, the trial court dismissed the allegation of a person present during the burglary, as there was testimony Mr. Peterson was with his daughter in the back yard, between the two houses, during the time the wheelchair, typewriter and statue were being taken from the residence. The defense presented no evidence. The jury convicted defendant on both counts.

In a separate proceeding, the trial court found true the two prior convictions, as prior strikes (Pen. Code, §§ 667, subds. (b)-(j) & 1170.12) and as prior serious felonies (§ 667, subd. (a)(1)). The court struck the 1996 prior conviction for burglary as a strike prior under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

For purposes of sentencing, the court struck the serious felony enhancement for the 2000 robbery conviction, observing it had used that as a strike, but imposed the serious felony enhancement for the 1996 burglary conviction. Thus the court imposed an aggregate term of 17 years in state prison: the high term of six years on the burglary count, doubled for the strike, plus one 5-year serious felony enhancement. The court ordered defendant to serve 180 days, concurrently, on the misdemeanor

conviction. The court awarded 848 days of presentence custody credits; imposed various fines, fees and assessments as required by law; and made other required orders.

Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and that he sent defendant a copy of the record on appeal. Defendant did not file a supplemental brief.

We have examined the entire record, including the sealed transcripts from two pretrial hearings conducted pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


WILEY, J.

4